UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY L. VEASEY, | : |
|     Plaintiff, | : |
| | : |
| v. | :    No. 24-cv-6460 |
| | : |
| SCOTT DICLAUDIO, *et al.*, | : |
|     Defendants. | : |

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                                                      **February 27, 2025**
**United States District Judge**

Currently before the Court is a Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Gregory L. Veasey, a convicted prisoner serving a life sentence at SCI Dallas. Veasey claims that he has been subjected to "unconstitutional prison confinement." Named as Defendants are Philadelphia County Court of Common Pleas Judge Scott DiClaudio, former Philadelphia County Assistant District Attorney Carlos Vega, and Eric Feder, who is identified in the Complaint as the Philadelphia County Prothonotary and Clerk of Courts.[1] For the following reasons, the Court will dismiss his Complaint for failure to state a claim.

---

[1] Eric Feder is a Deputy Court Administrator and Director of the Office of Judicial Records for the Philadelphia County Court of Common Pleas. *See* First Judicial District of Pennsylvania (Philadelphia Courts), https://www.courts.phila.gov/departments/ojr/ (last visited Feb. 25, 2025).

I.      **FACTUAL ALLEGATIONS**[2]

Veasey seeks to bring claims related to his state court criminal prosecution in the Philadelphia County Court of Common Pleas ("Philadelphia CCP"). Veasey alleges that in November 1988, he was charged with involuntary and voluntary manslaughter for the shooting death of Thomas Moore, which occurred in the hallway of their apartment building. (*See* Compl. (ECF No. 1) at 3.) Following a jury trial in July 1989, Veasey was found guilty and convicted of first-degree murder, even though he contends that he was never charged with first-degree murder. (*Id.*)

Veasey claims that he did not have adequate time to prepare a defense for trial "because he wasn't informed that Carlos Vega was going for a first degree murder conviction until a couple of weeks before trial." (*Id.* at 8.) Veasey asserts that when the jury was instructed, the trial judge told them that Veasey was facing two charges – murder/voluntary manslaughter and possession of an instrument of crime. (*Id.*) The jury was allegedly instructed to find "Veasey guilty of first degree murder, second degree murder, third degree murder, or voluntary manslaughter," and they returned with a verdict of first-degree murder on July 14, 1989. (*Id.* at 8-9.)

On March 15, 1991, Veasey filed a motion requesting his "Bills of Information." (*Id.* at 9, 11.) On March 11, 1993, Veasey received his trial transcripts, but "the Bills of Information were withheld." (*Id.*) Veasey contends that without the "Bills of Information," he was unable to "prove his charges." (*Id.* at 9.)

---

[2] The factual allegations set forth in this Memorandum are taken from Veasey's Complaint (ECF No. 1), the attachments thereto, and the publicly available state court dockets, of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

On February 22, 2024, Veasey filed a motion requesting that PCRA Judge DiClaudio order the District Attorney to provide "his charges on the original docket," but Veasey has yet to receive the information. (*Id.* at 10.) Veasey contends that the "requested records are both necessary and pertinent in the pursuit of a pro se post conviction petition seeking relief from [his] instant sentence." (*Id.*) A copy of this motion is attached to Veasey's Complaint. (*See* Exhibits (ECF No. 1-1) at 19-20.) In the motion, Veasey claims that the "bill(s) of information [will] prove that he was originally charged with voluntary manslaughter only," and he urges the state court to review his criminal case and "correct his sentence." (*Id.* at 20.)

On October 8, 2024, Veasey requested an updated docket of his criminal case from Eric Feder. (*Id.* at 9, 11.) On October 9, 2024, Feder sent a copy of Veasey's docket that allegedly only contained charges for first degree murder and possession of an instrument of crime. (*Id.*) On October 15, 2024, Veasey sent a second request for a copy of the "original docket" that contains "the nolle prossed involuntary manslaughter charge" that Veasey claims was noted on the "sentence status sheet issued by the prison," but Feder allegedly "ignored the request" and sent another copy of the docket that had already been provided to Veasey on October 9, 2024. (*Id.* at 9-10.) Veasey claims that the docket sent to him by Feder does not "list any of the charges on the original docket." (*Id.* at 10.)

Based on these allegations, Veasey contends that the "withholding of the charges for a first degree murder prosecution and his confinement violate 42 U.S.C. §1983, as well as the Eighth and Fourteenth Amendment to the United States Constitution." (*Id.* at 4.) He asserts that the Defendants' failure to remove him from "unconstitutional prison confinement" has violated his civil rights and has caused him to suffer substantial physical and psychological harm. (*Id.* at

3

12-14.) Veasey seeks declaratory and injunctive relief.[3] (*Id.* at 4, 15.) He seeks an injunction ordering "a provision of the original Bills of Information to [him]" and the "correction[] of court records." (*Id.* at 15.) He also requests that Defendants be enjoined from incarcerating him in an "unconstitutional prison confinement" and that the Court "order [his] placement in the general public." (*Id.*)

A review of public records indicates that Veasey was arrested on September 24, 1988 and charged with murder in violation of 18 Pa. C.S. § 2502. *Commonwealth v. Veasey*, MC-51-CR-0925741-1988 (M.C. Phila.). The murder charge was held for court on November 3, 1988. (*Id.*) The Philadelphia CCP docket indicates that Veasey was charged on November 17, 1988 with murder in the first degree in violation of 18 Pa. C.S. § 2502 and possession of an instrument of crime in violation of 18 Pa. C.S. § 907. *Commonwealth v. Veasey*, CP-51-CR-1111201-1988 (C.P. Phila.). On July 14, 1989, he was convicted of both offenses and sentenced to a term of life imprisonment. *Id.* Veasey unsuccessfully challenged his convictions through post-conviction proceedings. *Id.* He has also filed three petitions for a writ of *habeas corpus* in this Court, none of which were successful.[4]

---

[3] Veasey seeks a declaration that his rights were violated. Declaratory relief is unavailable to adjudicate past conduct, so his request for declaratory relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."); *Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[4] Veasey filed his first petition for writ of habeas corpus on September 13, 1991. *See Veasey v. Ryan*, No. 91-5782 (E.D. Pa.), ECF No. 1. His first habeas petition was denied and dismissed on October 1, 1992 for failure to exhaust state court remedies. *Id.* at ECF No. 8. Veasey's second petition for writ of habeas corpus was filed on November 21, 1991. *See Veasey v. Ryan*, No. 91-7241 (E.D. Pa.), ECF No. 1. His second habeas petition was denied with prejudice and

**II.    STANDARD OF REVIEW**

Although Veasey has paid the filing fee in full, (*see* ECF No. 5), the Court has the authority to screen the Complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*).  Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id*. § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id*. § 1915A(b)(2).

Whether a complaint fails to state a claim under § 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (*per curiam*); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all

---

dismissed on November 3, 1992.  *Id.* at ECF No. 14.  Veasey filed a third petition for writ of habeas corpus on April 17, 1998.  *See Veasey v. Larkins*, No. 98-2040 (E.D. Pa.), ECF No. 1. His third habeas petition, which was certified as a second or successive petition (*see id.* at ECF No. 3), was submitted to the United States Court of Appeals for the Third Circuit for consideration, but Veasey's application to file a second or successive petition was denied by the Third Circuit on September 15, 1998.  *Id.* at ECF No. 4.

reasonable inferences in Veasey's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Veasey is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and "apply the applicable law, irrespective of whether the pro se litigant mentioned it be name," *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.  DISCUSSION

Veasey has not stated a plausible § 1983 claim. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal

6

remedy is a writ of habeas corpus."). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). In this context, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Veasey seeks relief from his current sentence as well as release from incarceration, pursuant to an allegedly false first-degree murder conviction procured in violation of the constitution. Veasey's allegations suggest that he was improperly charged and convicted of first-degree murder when his initial charges reflected only involuntary and voluntary manslaughter. Veasey claims that the "bill(s) of information [will] prove that he was originally

7

charged with voluntary manslaughter only," and he urges the state court to review his criminal case and "correct his sentence."  (See ECF No. 1-1 at 20.)  Since these claims challenge the very fact of Veasey's first-degree murder conviction and related imprisonment, they are not cognizable in a § 1983 action.  *See Saunders v. Bright*, 281 F. App'x 83, 85 (3d Cir. 2008) (*per curiam*) (allegation that court employee defendants failed to provide trial transcripts, depriving plaintiff of documents necessary to establish his innocence at retrial and direct appeal, was *Heck*-barred because relief requested could not be granted without collaterally rendering plaintiff's conviction effectively invalid); *Petlock v. Nadrowski* , No. 16-310, 2023 WL 143341, at *15 (D.N.J. Jan. 10, 2023) (plaintiff's access to the courts claim that was based on allegations that he was unable to prepare an adequate defense to the criminal charges against him would necessarily imply the invalidity of his guilty plea and were *Heck*-barred); *Carter v. Leonard*, No. 20-0070, 2022 WL 20542038, at *1 (W.D. Pa. Mar. 17, 2022) (finding access to courts claim barred by *Heck* because plaintiff could only prevail on the claim if he showed that the audio recordings he sought could make a difference in a nonfrivolous challenge to his convictions (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)); *Hersh v. Chester Cnty. Clerk of Cts.*, No. 21-2615, 2021 WL 5139971, at *2 (E.D. Pa. Nov. 3, 2021) ("Claims against court personnel whose conduct allegedly draws into question the integrity of the underlying conviction are barred by *Heck*."  (*citing Tedford v. Hepting*, 990 F.2d 745, 749-50 (3d Cir. 1993) (claim for damages against court staff for allegedly tampering with transcript was not cognizable in a § 1983 action " absent a successful challenge to the underlying conviction" ))); *Ward v. Aviles*, No. 11-6252, 2016 WL 1461753, at *5 (D.N.J. Apr. 13, 2016) (plaintiff's access to courts claim for damages was *Heck*-barred because success on the claim would imply that his conviction was invalid, and if it did not imply invalidity, then plaintiff could not show that he suffered actual injury).

To the extent Veasey seeks to challenge the constitutionality of his convictions and imprisonment in federal court, he must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He may not, however, pursue any claims predicated on the falsity of his convictions and related imprisonment while those convictions remain intact.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint without prejudice to Veasey challenging his convictions in a *habeas* proceeding or filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated.[5] *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given at this time because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

---

[5] Veasey should note that judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*). Judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judges are also entitled to Eleventh Amendment immunity with respect to any official capacity claims against them. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Further, prosecutors are immune from damages for claims against them in their individual capacities based on acts taken when prosecuting the Commonwealth's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Official capacity claims, which are essentially claims against the District Attorney's Office, must be based on an official policy or custom to state a claim. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).